UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADFORD TAYLOR and HELIE TAYLOR,

    Plaintiffs,

v.                                      Case No: 8:19-cv-01761-KKM-TGW

CHRIS ALLWORTH and
SHANDEX TRUCK, INC.,

    Defendants.
_____

# ORDER

Defendants Chris Allworth and Shandex Truck, Inc., filed twelve motions in limine. *See* (Docs. 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75 & 77). None included the mandatory certification that they had conferred in good faith with Plaintiffs Helie and Bradford Taylor to resolve the motions. *See* Local Rule 3.01(g). Their failure to do so is not a mere technicality either, as a large portion of the motions could be resolved without the Court's intervention. *See, e.g.*, (Doc. 65 (seeking preadmission of Bradford Taylor's pre-accident medical treatment, which is both obviously relevant and not unfairly prejudicial)). Some of the other motions are also premature, *see, e.g.*, (Doc. 71 (seeking pretrial order that yet-to-be-offered evidence is cumulative)); *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 8989908, at *1 (S.D. Fla. Sept. 27, 2019) ("At this stage in the proceedings, the Court cannot determine whether the

challenged opinions will be cumulative, and even if they are, whether the danger of needless presentment of cumulative evidence substantially outweighs their probative value under Rule 403."), and others are simply not appropriate motions in limine at all, *see, e.g.*, Doc. 73 (titled an omnibus motion mostly seeking orders to prevent the Plaintiffs from violating the Federal Rules of Evidence and caselaw interpreting it, such as to refrain from committing "Golden Rule" violations); *Bujarski v. NCL (Bahamas) Ltd.*, No. 1:15-CV-21066-UU, 2016 WL 7469997, at *1 n.1 (S.D. Fla. Jan. 7, 2016) ("It is almost as though Defendants simply reviewed the Federal Rules of Evidence and drafted a Motion in Limine as to each potential rule that may be invoked. . . . Defendants' Motion is borderline frivolous and an egregious waste of resources on this judicial system.").

Plaintiffs compounded the problem by failing to timely respond to any of the motions, including the ones seeking to limit their proposed experts' testimony. *See* Local Rule 3.01(c) (providing a party fourteen days to respond, making Plaintiffs' responses due on July 29, 2021). This omission, unfortunately, is not the first time Plaintiffs have failed to comply with deadlines. *See* (Doc. 47 (telephonic status conference to address Plaintiffs' failure to respond to the motion for partial summary judgment)).

In the light of the above, the Court **DENIES without prejudice** all pending motions in limine and postpones the pretrial conference scheduled for Thursday, August 5, 2021, to permit Defendants to refile (if they desire) any appropriate motions in limine after conferring with Plaintiffs. Any renewed motions in limine are now due

**August 13, 2021.** The Court also removes this case from the September trial calendar and will enter a new trial order after it rules on the pending motion for partial summary judgment. The parties are reminded that, because the Court cannot provide a date certain for trial and instead operates on a trial month calendar system that prioritizes criminal trials, consent to a magistrate judge offers more flexibility and control over scheduling.[1]

**ORDERED** in Tampa, Florida, on August 2, 2021.

Kathryn Kimball Mizelle
United States District Judge

---

[1] A form to consent to trial before a magistrate judge is available on the Court's website. https://www.flmd.uscourts.gov/sites/flmd/files/forms/flmd-ao85-notice-consent-and-reference-of-a-civil-action-to-a-magistrate-judge-.pdf