UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADFORD TAYLOR and
HELIE TAYLOR,

    Plaintiffs,

v.                                    Case No: 8:19-cv-01761-KKM-TGW

CHRIS ALLWORTH and
SHANDEX TRUCK, INC.,

    Defendants.
_____

## **ORDER**

Defendants Chris Allworth and Shandex Truck, Inc., move for partial summary judgment against Plaintiff Helie Taylor. Allworth and Shandex argue that Mrs. Taylor has failed to allege expert medical testimony that demonstrates she suffered a permanent medical injury within a reasonable degree of medical probability. (Doc. 48). Because the deposition testimony of Dr. Victor Hayes and Mrs. Taylor's complaints of pain indicate a dispute of material fact regarding the permanency of Mrs. Taylor's injuries, the Court denies Defendant's Motion for Partial Summary Judgment.

**I.   BACKGROUND**

On September 19, 2018, a truck operated by Allworth and owned by Shandex backed into the Taylors' vehicle. (Doc. 48-5 at 19, 87–89). Immediately after the accident, neither of the Taylors went to the hospital. The day after the accident, Mrs.

Taylor began to complain of neck, back, and knee pain.[1] (Doc. 48-3 at 50–51, 55). Mrs. Taylor began going to Brooksville Chiropractic for treatment. (*Id.* at 60). Additionally, she received treatment from Dr. Soliman at Trinity Brain and Spine Neuroscience Institute, Dr. Li Ma at Interventional Pain Physicians, and NSI Stem Cell (*Id.* at 61, 64, 67–68). After her treatment at NSI Stem Cell, she began to feel some relief, but she still complains of some pain. (*Id.* at 68, 70).

Michael Foley, M.D., F.A.C.R., examined multiple radiographic studies of Mrs. Taylor on July 18, 2020. (Doc. 48-7). He concluded—as far as the Court can tell from the below summary—that Mrs. Taylor has a herniated disc:

> At C3-4, there is a mild disc bulge with right posterolateral uncinate hypertrophy and recess narrowing. . . . At C4-5, there is a right foraminal region disc protrusion with foraminal encroachment. There is uncinate hypertrophy with recess narrowing bilaterally, more right-sided. . . . At C5-6 and C6-7, there are minimal disc bulges without protrusion or stenosis. Foramina are patent. . . . At L3-4, there is a mild diffuse disc bulge with mild thecal sac effacement. There is no stenosis. There is mild foraminal encroachment bilaterally. There are small facet effusions. At L4-5, there is a mild diffuse disc bulge with mild thecal sac effacement. There is no stenosis. There is mild foraminal encroachment bilaterally. There are small facet effusions. There is a small focal right recess disc protrusion. At L5-S1, there is no disc protrusion or stenosis. There is a slight disc bulge touching the thecal sac. Foramina are patent.

(*Id.* at 1–2). Dr. Foley, notably, did not opine as to the permanency of the above conditions.

---

[1] While both Bradford and Helie Taylor are plaintiffs in this case, the Motion for Partial Summary Judgement regards only Helie Taylor. (Doc. 48). Therefore, the Court will describe the background as it relates to Mrs. Taylor.

Mrs. Taylor was also examined by Dr. Victor Hayes, a Board Certified Orthopedic Spinal Surgeon, on January 27, 2021. (Doc. 48-9 at 22). Dr. Hayes noted that Mrs. Taylor had a herniated disc at C4-5. (*Id.* at 25). In his deposition, Dr. Hayes explained that, "a herniated disc is a permanent injury if it came from an injury." (*Id.* at 26). Dr. Hayes also noted that Mrs. Taylor had "bulges at C5-6 and C6-7." (Doc. 48-8 at 2). When asked if he had any opinion about the permanency of Mrs. Taylor's injuries, Dr. Hayes responded:

> Well, based on what she told me, if she didn't have any particular symptoms in her neck and her back prior to the crash in question, and then subsequently had stem cell procedure and had herniated disc in her MRI, and I had no other previous MRI to review, so based on that, then the herniations in her neck and back may have been caused from the crash.

(Doc. 48-9 at 28–29). When directly asked whether he had "an opinion based on a reasonable degree of medical certainty" as to permanency at the conclusion of his testimony regarding Mrs. Hayes, Dr. Hayes responded, "I would prefer not to give any opinions." (*Id.* at 29–30).

## II. LEGAL STANDARD

A trial court will grant a summary judgment if, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When ruling on a motion for summary judgment, reasonable inferences are drawn in the nonmoving party's favor and evidence favorable to the moving party that the jury need not believe is disregarded. *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192–93 (11th Cir. 2004) (discussing judgment as a matter of law); *Anderson*

3

*v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986) (stating that the standard for summary judgment mirrors the standard for directed verdict).

A moving party is entitled to summary judgment when the nonmoving party fails "to make a sufficient showing on an essential element of [his] case with respect to which [ ]he has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 316, 323 (1986). The nonmoving party must "go beyond the pleadings and [his] own affidavits," and he must point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Id.*

### III.   ANALYSIS

The "No Fault Act" in Florida law, section 627.737(2), Florida Statutes, requires that, before a plaintiff in an automobile accident can recover "damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease," he or she must prove "[p]ermanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." *See id.* (permitting alternative proofs of harm, such as death, none of which are applicable here). The statute requires that "the existence and permanency of the injury be established 'within a reasonable degree of medical probability.'" *City of Tampa v. Long*, 638 So. 2d 35, 38 (Fla. 1994) (quoting § 627.737, Fla. Stat.). To meet the burden under this statute, "the plaintiff must . . . present expert medical testimony to establish the existence and permanency of the alleged injury." *Id.* A plaintiff, of course, is not limited to objective evidence to prove permanency. "[S]ubjective evidence of pain may properly be used to prove the existence

4

and permanency of an injury *provided* that expert medical testimony is presented to establish its existence and permanency within a reasonable degree of medical probability." *Id.*

Additionally, a plaintiff need not present medical testimony to prove that the accident caused her permanent injuries. *Derochers v. Amica Mut. Ins. Co.*, No. 6:15-CV-2151-ORL-DCI, 2018 WL 1988862, at *3 (M.D. Fla. Feb. 14, 2018) (Irick, J.). In *Derochers*, the defendant filed a motion for partial final summary judgment, arguing that the plaintiff "must present the testimony of an expert who expressly opines that Plaintiff's injuries were caused by the subject accident." *Id.* The court rejected that argument and denied the defendant's motion. *Id.* at *4. Thus, to survive a motion for summary judgment, a plaintiff does not need to have expert medical testimony proving the accident in question caused her permanent injuries.

Ordinarily, permanency is a jury question. *See Wald v. Grainger*, 64 So. 3d 1201, 1204 (Fla. 2011) ("Determinations about the permanency of an injury are *generally* made by juries."). In *Wald*, the Florida Supreme Court established a type of burden shifting analysis when determining if the issue of permanency should go to a jury. *Id.* First, "[a] plaintiff can establish a prima facie case of permanency by presenting expert testimony of permanency." *Id.* Once a plaintiff does this, "the burden shifts to the defendant to present countervailing expert testimony, severely impeach the plaintiff's expert, or present other evidence which creates a direct conflict with the plaintiff's evidence." *Id.* If a defendant does so, "a jury question is presented . . . ." *Id.* at 1205.

5

Here, Shandex and Allworth contend that Mrs. Taylor failed to meet her burden under section 627.737(2) by failing to present any expert medical testimony that establishes Mrs. Taylor suffered a permanent injury. (Doc. 48). They thus seek summary judgment against Mrs. Taylor regarding permanency. (*Id.*).

Summary judgment against Mrs. Taylor is inappropriate, however, because she has sufficiently proffered sufficient facts to create a disputed issue of material fact regarding the cause of Plaintiff's injuries. *See Wald*, 64 So. 3d at 1204. First, Mrs. Taylor alleges that her back pain was caused by the accident. She testifies that she had no pain before the accident, but after the accident and until this present day had ongoing neck, back, and knee pain. (Doc. 48-3 at 55–61, 70). While Mrs. Taylor's complaints cannot be the only evidence used to prove existence and permanency, her complaints can be used in conjunction with expert medical testimony to prove existence and permanency. *See Long*, 638 So. 2d at 38. Second, Dr. Foley reported that Mrs. Taylor suffers from a herniated disc, (Doc. 48-7), and Dr. Hayes also reported that Mrs. Taylor had a herniated disc and bulging discs, (Doc. 48-8 at 4). Third, as to permanency in particular, Dr. Hayes explained that "a herniated disc is a permanent injury if it came from an injury." (Doc. 48-9 at 26). When asked explicitly if he had any opinion as to Mrs. Taylor's injuries, Dr. Hayes said "the herniations in her neck and back may have been caused from the crash." (*Id.* at 29). Mrs. Taylor's subjective reports of pain in her back

and neck as well as Dr. Hayes's deposition testimony create a disputed issue of material fact as to permanency and the cause of the herniated disc.[2]

Dr. Hayes's statements in the deposition, taken with Mrs. Taylor's testimony about having no prior back pain and neck pain, would permit a reasonable jury to conclude that she suffers from a permanent injury (herniated disc) within a reasonable degree of medical probability. (*Id.*). Therefore, Mrs. Taylor has met her burden under section 627.737(2), and the motion for partial summary judgement is denied.

## IV. CONCLUSION

Dr. Hayes' testimony and Mrs. Taylor's complaints of pain create a dispute of material regarding the permanency of her injuries. Accordingly, Defendant's Motion for Partial Summary Judgement is **DENIED**.

**ORDERED** in Tampa, Florida, on August 4, 2021.

Kathryn Kimball Mizelle
United States District Judge

---

[2] It is true that Dr. Hayes said that he did not want to give an opinion on Mrs. Taylor's injuries. He responded that way, though, after being asked if he had an "opinion based on a reasonable degree of *medical certainty* . . . ?" (Doc. 48-9 at 29) (emphasis added). This is not the appropriate standard under section 627.737(2). Rather, the standard is, "reasonable degree of *medical probability.*" *Long*, 638 So. 2d at 38 (emphasis added). Thus, Dr. Hayes's answer did not foreclose the possibility that his earlier statements on the herniated disc and the accident were given within a reasonable degree of medical probability. Additionally, when ruling on a motion for summary judgment, reasonable inferences are drawn in the nonmoving party's favor. *See Cleveland*, 369 F.3d at 1192–93; *Anderson*, 477 U.S. at 251–52. As a result, this Court draws reasonable inferences in Mrs. Taylor's favor.

7