UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADFORD TAYLOR and
HELIE TAYLOR,

    Plaintiff,

v.                                                              Case No: 8:19-cv-1761-KKM-TGW

CHRIS ALLWORTH and
SHANDEX TRUCK, INC.,

    Defendants.
_____

# ORDER

A jury trial is scheduled to begin in this action on November 15, 2021. Plaintiffs Bradford and Helie Taylor filed a motion on October 26, 2021, asking for leave to take a video deposition of an expert witness, Dr. Booeshaghi, because he is unwilling to testify during the week of November 15. In the alternative, Plaintiffs ask that Dr. Booeshaghi be allowed to testify remotely. Defendants Chris Allworth and Shandex Truck, Inc. oppose both requests contained in the motion. For the reasons discussed below, this Court denies the motion.

I. BACKGROUND

The Taylors allege to have suffered extensive injuries after an automobile accident. They sued Chris Allworth and Shandex Truck, Inc., for their injuries in the Circuit Court for the Twelfth Judicial Circuit, in and for Manatee County, Florida. (Doc. 1-1.) Defendants subsequently removed to this Court. (Doc. 1.)

This Court scheduled this action for the November 2021 trial term on August 17, 2021. (Doc. 99.) Although common practice in the District not to set a date certain within a trial month term, on October 6, 2021, the Court informed the parties at the pretrial conference that the trial would likely commence on November 15. At that time, counsel for the Plaintiffs informed the Court that one of their experts might be unavailable that week.

On October 15, 2021, the Court officially scheduled trial for the week of November 15. (Doc. 106.) Eleven days later, on October 26, Plaintiffs filed this motion. (Doc. 118.) Defendants lodged their objection the following day. (Doc. 120.) On October 29, 2021, this Court held a telephonic status conference on the motion.

II. LEGAL STANDARD and ANALYSIS

Plaintiffs' ask this Court to allow "their expert to testify via video recording, or alternatively, via remote video during trial." (Doc. 118 at 1.)

2

## A. Video Deposition to Preserve Testimony for Trial

Plaintiffs ask this Court to "allow the video testimony of Dr. Booeshaghi to be taken for use at trial" on a date before trial. (Doc. 118 at 2.) Because the Federal Rules of Civil Procedure do not provide for a "'trial deposition' separate and apart from the 'deposition' rules expressly found in Rules 30 through 32," *Radke v. NCL (Bah.) Ltd.*, No. 19-CV-23915, 2021 WL 827008, at *2 (S.D. Fla. Mar. 4, 2021) (Bloom, J.), Plaintiffs are, in reality, asking for additional discovery less than a month before trial. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002) ("So, parties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date."). Because granting this request would require amending the Court's scheduling order to provide for additional discovery, Plaintiff's must satisfy Rule 16's good cause standard. In addition, because Plaintiffs made the request after the deadline, they must also show excusable neglect under Rule 6.

### 1. Plaintiffs Have Not Shown Good Cause to Amend the Scheduling Order Under Rule 16

Under Rule 16, a scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); (Doc. 12 at 2 (noting that "motions to extend time or to alter any requirements set forth in this order . . . are distinctly disfavored").).

3

The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quotation omitted). To assess diligence, courts applying *Sosa* consider whether "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (Antoon, J.). The essence of the Rule 16 standard is reasonable diligence. *See Sosa*, 133 F.3d at 1418. Plaintiffs have not "show[n] the requisite level of diligence." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

First, Plaintiffs failed to preserve Dr. Booeshaghi's testimony in the form that they desire to present at trial during the discovery period. After four extensions, the discovery period ended on May 17, 2021. During that period, Defendants took Dr. Booeshaghi's deposition. (Doc. 120 at 3.) At that time, Plaintiffs had the opportunity to take his deposition and preserve it if he was unavoidably absent at trial. Plaintiffs chose not to do so. *See Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692 (S.D. Fla. 2014) (Torres, Mag. J.) ("Parties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial."). At the status conference on

4

October 29, Plaintiffs' counsel represented that Dr. Booeshaghi is an essential witness to Plaintiffs' case. If true, Plaintiffs "should have secured his deposition well before the discovery period expired." *Radke*, 2021 WL 827008, at *2. And they had ample opportunity to do so between when Plaintiffs filed their complaint on July 19, 2019, and when discovery closed on May 17, 2021. With this timetable in view, it difficult is to see how Plaintiffs exercised reasonable diligence yet were unable to take Dr. Booshaghi's deposition within the discovery deadline. *See Sosa*, 133 F.3d at 1418 ("[The] good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (quotation omitted)); *see also Lorenzano v. Sys., Inc.*, No. 617-CV-422-ORL-37DCI, 2018 WL 11344851, at *1 (M.D. Fla. Aug. 13, 2018) (Dalton, J.) (denying a motion for trial depositions because the movant waited five months after the discovery deadline). Instead, as counsel admitted at the status conference yesterday, Plaintiffs intended to call Dr. Booshaghi at trial and therefore never preserved his testimony. Presumably, any reason for not deposing him in a manner to be used at trial was a strategic litigation decision, not a result of diligent efforts otherwise thwarted by circumstances beyond their control.

Second, Plaintiffs have long known the approximate date of trial. The Court scheduled trial for the November 2021 trial term on August 17, 2021. (Doc. 99.) The Court's order informed the parties that they "should be prepared to conduct trial at any

time within this November trial term upon 24 hours of notice." (Doc. 99 at 1.) Plaintiffs did not heed the warning. This Court also informed the parties at the pretrial conference on October 6, 2021, that the trial would likely be scheduled for the week of November 15. (Doc. 104.) At that time, Plaintiffs' counsel indicated that she was aware of a potential conflict with Dr. Booshaghi's schedule. Finally, this Court set the trial for the week of November 15 on October 15, 2021. (Doc. 106.)

Despite these repeated indications that the trial would likely take place during the week of November 15, Plaintiffs failed to prepare for that eventuality by preserving Dr. Booeshaghi's testimony. Instead, Plaintiffs waited to act until October 26, less than a month before trial is set to begin. And even now, Plaintiffs have other, untested options at their disposal; Plaintiffs have not requested a subpoena—and seemingly had not considered it before the Court raised the possibility during the October 29, 2021 status conference. Yet a subpoena is the ordinary tool to secure the presence of a reluctant witness.

Finally, it is appropriate for this Court to consider "fairness to the adverse party and the amount of time remaining before the date set for trial." *Chrysler Intern. Corp.*, 280 F.3d at 1362. While Plaintiffs assert that no party would be prejudiced by granting the motion, Defendants disagree. They point out that the deadline to file motions in limine to resolve evidentiary issues with Dr. Booeshaghi's testimony has passed. (Doc. 120 at 3.) This Court agrees with Defendants. "[G]iven that trial is now [less than] a month away,"

6

it would be "unfairly prejudicial to permit [Plaintiffs] to take [an additional] deposition." *Lorenzano*, 2018 WL 11344851, at *2; *see also Rhodes v. Lazy Flamingo 2, Inc.*, No. 2:14-CV-561-FTM-29CM, 2016 WL 4992418, at *1 (M.D. Fla. Sept. 19, 2016) (Mirando, Mag. J.) ("Allowing depositions at this point 'would be unfairly prejudicial because any new facts would require [Defendant] to change their trial preparation just one more before trial.'" (quotation omitted)).

### 2. Plaintiffs Have Not Shown Excusable Neglect Under Rule 6

Rule 6(b) provides that a Court may extend a deadline for good cause. When the party moves to extend a deadline after it has expired, that party must also show that she "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs have not attempted to meet this standard. Plaintiffs do not cite this Rule or any caselaw on this topic. There is nothing in Plaintiffs' motion that would allow this Court to find that Plaintiffs' failure to preserve Dr. Booeshaghi's testimony, subpoena his attendance, or to file a motion for relief more quickly was excusable or for good cause. Thus, for much the same reasons as described above for Rule 16, Plaintiffs have failed to satisfy Rule 6.

### 3. Plaintiffs Have Not Provided Support for a Video Deposition

Finally, Plaintiffs ask this Court to allow a video deposition for presentation to the jury at trial. When pressed at the status conference, Plaintiffs admit that no Federal Rule of Civil Procedure contemplates this "trial deposition" outside of the strictures required

7

under Rule 32 for depositions already conducted in the ordinary course of discovery. But, of course, that Rule is inapplicable at this stage, given there is no existing video deposition nor have Plaintiffs' attempted to secure Dr. Booeshaghi's presence at trial or shown "exceptional circumstances." *See* Rule 32(a)(4)(E). Indeed, they cite no Rule that allows for recorded testimony at trial, nor have they cited to any caselaw on the matter. Lacking any legal support whatsoever, this Court denies Plaintiffs' request.[1]

### B. Plaintiffs Have Not Established Good Cause for Remote Testimony

In the alternative, Plaintiff asks this Court "to allow Dr. Booeshaghi to testify remotely via videoconference during the trial week." (Doc. 118 at 2.) Defendants indicated at the status conference on October 29, 2021, that they did not oppose the request. But they subsequently filed a notice objecting to remote testimony. (Doc. 121.)

Rule 43(a) provides that a "witness's testimony must be taken in open court." Fed. R. Civ. P. 43(a). The Rule only allows live testimony from a different location "[f]or good cause in compelling circumstances and with appropriate safeguards." *Id.* Plaintiffs do not cite this Rule in their motion, and do not attempt to establish good cause or compelling circumstances. Given that Plaintiffs offer this alternative as a viable solution, the Court

---

[1] Even if video depositions are appropriate in some circumstances, Rule 32 embodies a strong preference for live testimony unless the witness is unavailable. Plaintiffs have not shown that Dr. Booeshaghi—despite an apportionment that he would prefer not to miss—is unavailable. *See Lorenzano*, 2018 WL 11344851, at *2 (reasoning that doctors were not unavailable under Rule 32 simply because they had conflicting appointments with patients).

wonders why a day or half-day absence from whatever engagement occupies the expert during the week of November 15 could not be equally satisfied with a short trip to testify. Thus, this Court denies without prejudice Plaintiffs' request to allow remote testimony.

## II. CONCLUSION

For the reasons stated above, this Court denies Plaintiffs' motion. Plaintiffs have not shown the good cause or excusable neglect required to reopen the discovery period to allow a new deposition. Plaintiffs also fail to provide any legal support for their request for remote or recorded testimony during trial. Accordingly, Plaintiffs' Motion for Miscellaneous Relief (Doc. 118) is **DENIED**.

ORDERED in Tampa, Florida, on October 30, 2021.

Kathryn Kimball Mizelle
United States District Judge